UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON ARNIZE SMITH,

        Petitioner,

                                         Case No. 16-14513

v.                                      Honorable Linda V. Parker

SHAWN BREWER,

        Respondent.
_____/

### OPINION AND ORDER DENYING THE MOTION TO DISMISS AND DIRECTING RESPONDENT TO FILE RULE 5 MATERIALS AND ANSWER ADDRESSING PETITION'S MERITS

This matter is before the Court on Respondent's motion to dismiss the petition on the ground that Petitioner's application for writ of habeas corpus is barred by the statute of limitations in 28 U.S.C. § 2244(d)(1). Petitioner filed a motion for equitable tolling and response to the motion to dismiss. Having reviewed the parties' filings, including Petitioner's habeas application and the issues raised therein, his motion for equitable tolling, and response to the motion to dismiss, the Court is denying the motion to dismiss and ordering Respondent to file an answer addressing the merits of the petition and the Rule 5 materials within sixty days of this decision.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d

1

243, 250 (2d Cir. 1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations applies to an application for the writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Michigan Supreme Court denied Petitioner leave to appeal on June 25, 2012, following the Michigan Court of Appeals' affirmance of his conviction on direct review. Petitioner's conviction became final for purposes of AEDPA's limitations period, when the ninety-day period for seeking certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113,

119 (2009). Petitioner's judgment therefore became final on September 23, 2012, when he failed to file a petition for writ of certiorari. Petitioner had until the end of the day on September 23, 2013, to file his habeas petition in compliance with the one-year limitations period.

Petitioner signed and dated his habeas application on December 20, 2016, and the application was filed with this Court on December 27, 2016. Under the prison mailbox rule, Petitioner is considered to have filed his habeas petition on the date it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999). Because Petitioner filed the petition well after the limitations period expired, the petition is untimely.

Petitioner concedes that his petition is untimely. Nevertheless, he contends that the limitations period should be equitably tolled because he suffers from a longstanding mental illness, which was compounded by a long history of substance abuse. Petitioner claims he was involuntarily medicated by the Michigan Department of Corrections, which left him disoriented as to time and place. Petitioner further claims that he is illiterate and was ignorant of the fact that he could seek habeas relief on his state conviction until he enrolled in the Legal Writers Program in prison. Petitioner indicates that he needed the assistance of a prison paralegal to assist him with the preparation of his petition. Petitioner further

alleges that while the limitations period was running, he suffered from a rare eye disease which was not properly treated and which left him temporarily blind.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the present case, Petitioner's filings raise a genuine issue of material fact as to whether this Court should equitably toll the one-year limitations period in this case. *See, e.g. Stiltner v. Hart*, 657 F. App'x. 513, 524-26 (6th Cir. 2016) (equitably tolling AEDPA's limitations period, finding that the petitioner diligently pursued his claims to the extent he could understand them, barely understood his claims (if he understood them at all), had an extremely short attention span and poor memory, and finding it unlikely that he would be able to monitor the legal assistance provided for him by a fellow prisoner or an attorney to make sure that they met the relevant deadline).

In addition, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a

4

petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court can proceed to the merits of a habeas petition in the interest of judicial economy. *See Smith v. State of Ohio Dep't of Rehab.*, 463 F. 3d 426, 429 n.2 (6th Cir. 2006). In the present case, it appears that it may be easier and more judicially efficient to adjudicate Petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 F. App'x. 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the ends of justice would be better served by ordering an answer addressing the merits of the petition.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (ECF NO. 11) is **DENIED**;

**IT IS FURTHER ORDERED** that Respondent shall submit an answer addressing the merits of Petitioner's habeas claims and any Rule 5 materials not already filed within **sixty (60) days** of this decision;

**IT IS FURTHER ORDERED** that Petitioner shall have **forty-five (45) days** following receipt of the answer to file a reply brief.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 4, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 4, 2017, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager